

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALBERTO CORTES GOMEZ,<br>    a/k/a "Galo Perez,"<br>    a/k/a "Diego Lopez,"<br>    a/k/a "Mario Perez,"<br>    a/k/a "Pablo Mendez,"<br>    a/k/a "Carlos Enrique Rivera Rivera,"<br>    a/k/a "Michael David Montoya<br>        Londono,"<br>    a/k/a "Jomar Luis Poupart Acevedo,"<br>    a/k/a "Lalo Martinez,"<br>        Defendant. | No. 1:19cr 189 |

**Statement of Facts**

The United States and the defendant, **Alberto Cortes Gomez** ("**Cortes**"), stipulate that the allegations in the one-count Criminal Information and the following facts are true and correct. The United States and **Cortes** further stipulate that had the matter gone to trial, the United States would have proven the allegations in the Criminal Information and the following facts beyond a reasonable doubt.

**I.   Introduction**

1.   As set forth in greater detail below, beginning at least in or about April 2011 and continuing thereafter through in or about June 2018, in the Eastern District of Virginia and elsewhere, defendant **Alberto Cortes Gomez** ("**Cortes**"), did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together with M.P. and others known and unknown to commit wire fraud, that is: having knowingly devised and intending to devise a scheme and artifice to defraud individuals, financial institutions, retail stores, and

others, and to obtain from individuals, financial institutions, retail stores, and others money and property by means of material false and fraudulent pretenses, representations, and promises, to transmit and cause to be transmitted by means of wire communication in interstate commerce writings, signs, and signals for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1343.

2.  More specifically, from at least April 2011 through at least June 2018, **Cortes** conspired with M.P. and others to defraud individuals, financial institutions, retail stores, and others by stealing credit cards and identities from hundreds of individuals in the Eastern District of Virginia and elsewhere in order to pose as those individuals when purchasing more than $1.8 million in electronics and other consumer goods for subsequent shipment and resale.

## II.   Factual Background

3.  **Cortes** is a Colombian citizen who resided primarily in Florida during the time period described in this statement of facts. At various points, **Cortes** has used a variety of aliases and fictitious names, including "Galo Perez," "Diego Lopez," "Mario Perez," "Pablo Mendez," "Carlos Enrique Rivera Rivera," "Michael David Montoya Londono," "Jomar Luis Poupart Acevedo," and "Lalo Martinez." On or about May 25, 2017, a final order of removal was issued directing **Cortes**'s removal from the United States.

4.  Best Buy is a nationwide retail consumer electronics chain store. Best Buy utilizes a third party to process credit card payments. The processing data centers utilized by Best Buy to process these transactions are located outside the Eastern District of Virginia. Whenever a purchase is made at a Best Buy retail location, computers at the Best Buy retail location communicate electronically with the retail location's point-of-sale computer system. The store's point-of-sale computer system then encrypts and communicates the payment information

electronically, sending the card details to the payment processor at a location outside the Eastern District of Virginia. The payment processor then sends the information electronically to a payment network to verify the card details with the issuing bank and electronically relays the information it receives back to the retail location. Best Buy then batches and electronically submits the transactions to the payment processor for settlement. The issuing bank bills the cardholder, then the issuing bank pays the payment processor, which in turn pays Best Buy.

### III.  Criminal Conduct

5. From at least April 2011 through at least June 2018, **Cortes** conspired with M.P and others to commit wire fraud by stealing credit cards and identities from hundreds of victims in order to use those credit cards and identities to purchase electronics and other consumer goods for subsequent shipment and resale.

6. As part of the conspiracy and the scheme and artifice to defraud, **Cortes** and members of the conspiracy acting at his direction would travel from Florida in rental vehicles to locations with high volumes of retail activity, often in interstate corridors such as the I-95 corridor through North Carolina and Virginia.

7. Upon arriving at a retail location, **Cortes** and members of the conspiracy acting at his direction would distract shoppers. While those shoppers were distracted, **Cortes** and members of the conspiracy acting at his direction would either act as lookouts or steal the shoppers' wallets.

8. After stealing the victim shoppers' wallets, **Cortes** and members of the conspiracy acting at his direction would alter means of identification showing the likeness of a member of the conspiracy to match the name of the victim.

9. **Cortes** and members of the conspiracy acting at his direction would then use the victims' credit cards to make purchases at other retail stores, frequently to purchase expensive

consumer electronics goods from locations like Best Buy or Apple stores. When fraudulently purchasing goods from Best Buy, **Cortes** and members of the conspiracy acting at his direction would frequently utilize rewards programs at those retail locations. For example, **Cortes** and members of the conspiracy acting at his direction engaged in more than 500 fraudulent transactions using at least seven separate Best Buy accounts using common aliases and contact information. Those include the following accounts:

| Best Buy # (Last Four) | Alias | Fraudulent Transactions | # of Victim Identities Used | Total |
|---|---|---|---|---|
| 2294 | Galo Perez | 81 | 54 | $246,566.79 |
| 9357 | Galo Perez | 136 | 115 | $426,743.51 |
| 5048 | Galo Perez | 139 | 82 | $347,319.73 |
| 3233 | Galo Perez | 44 | 33 | $177,658.64 |
| 9410 | Galo Perez | 24 | 15 | $43,877.91 |
| 4521 | Diego Lopez | 67 | 45 | $172,080.28 |
| | TOTALS | 491 | 344 | $1,419,246.86 |

10. After purchasing goods using the victims' credit cards and means of identification, **Cortes** and members of the conspiracy would then ship the fraudulently purchased goods via interstate commercial carriers, generally to Florida, for subsequent resale. For example, after a theft in or about Schaumberg, Illinois, in late March 2017, **Cortes** and other members of the conspiracy shipped fraudulently purchased goods from Tinley Park, Illinois, to a warehouse run by an exporter in Medley, Florida. **Cortes** and other members of the conspiracy were subsequently arrested in Maple Grove, Minnesota, with shipment receipts from those shipments and additional packages intended to ship fraudulently purchased goods. During that arrest, law enforcement

recovered false identifications bearing **Cortes**'s likeness but the names "Carlos Enrique Rivera Rivera," "Jomar Luis Pouart Acevedo," and "Michael David Montoya."

11. On or about May 30, 2018, **Cortes**, M.P., and other members of the conspiracy entered a T.J. Maxx in Norfolk, Virginia, within the Eastern District of Virginia. At that store, a female member of the conspiracy distracted Wanda A. by pretending to be deaf and asking a question, and another member of the conspiracy stole Wanda A.'s wallet from her purse. Thereafter, as shown on video surveillance from a Norfolk Apple store, **Cortes** and M.P. made approximately $2,941.50 in purchases from that Apple store using Wanda A.'s stolen American Express card.

12. Following the incident in Norfolk, **Cortes**, M.P., and other members of the conspiracy traveled up the I-95 corridor. On or about June 2, 2018, **Cortes**, M.P., and other members of the conspiracy stole at least four credit cards from Stacey G at a T.J. Maxx in McLean, Virginia. After stealing those cards, **Cortes** and M.P. used them and an identification with Stacey G.'s name but M.P.'s likeness to make approximately $45,315.91 in fraudulent purchases from an Apple store and Bloomingdale's in the Tyson's Corner Shopping Center. Bloomingdale's employees reported to the Fairfax County Police Department ("FCPD") that **Cortes** was attempting to make purchases using credit cards not in his name, those purchases were declined, and then **Cortes** would attempt to use another card. Although M.P. was with **Cortes** and had an identification that appeared to match the names on the cards, **Cortes** was directing the purchases. The FCPD responded to the scene and arrested **Cortes** and M.P. When **Cortes** was arrested, the FCPD seized a Costa Rican identification bearing **Cortes**'s likeness but the name Lalo Martinez. On or about June 7, 2018, **Cortes** spoke with law enforcement and falsely claimed that he had only

been committing thefts for the prior two years on and that he had done so because of two individuals who had threatened him and his family.

13. **Cortes** later pled guilty in or about October 2018 and was sentenced in April 2019 to probation for the theft from Stacey G. **Cortes** then remained in state custody on pending charges for the Norfolk theft from Wanda A.

14. According to both the Best Buy reward account information set forth above, related information from victims' credit card companies, and police reports associated with **Cortes** and members of the conspiracy, **Cortes** and members of the conspiracy stole credit cards, identities, and similar information and financial instruments from at least 360 individuals and fraudulently purchased at least $1,933,599.35 in goods as a result of those thefts. Those include at least $243,252 from at least 29 victims within the Eastern District of Virginia from in or about October 2012 through in or about June 2018, generally along the I-95 corridor. Those also include several thefts that resulted in video and/or photographic evidence showing **Cortes** participating in the thefts and/or fraudulent purchases, including from Sandra C., a T.J. Maxx shopper in Durham, North Carolina, on or about June 18, 2014; Paul W., a shopper in Whitehall, Pennsylvania, on or about January 20, 2015; Irene S., a shopper in Fairfax, Virginia, on or about September 17, 2015; Mindy L., a shopper in Fairfax, Virginia, on or about February 8, 2016; Josephine S., a shopper in Glen Allen, Virginia, on or about August 18, 2017; and Ellen R., a shopper in Chesapeake, Virginia, on or about August 19, 2017.

### IV.   Conclusion

15. **Cortes**'s actions in furtherance of these offenses, including but not limited to the acts described above, were done willfully, knowingly, with the specific intent to violate the law, and not because of accident, mistake, or innocent reason.

16. The foregoing statement of facts is a summary of the principal facts that constitute the legal elements of conspiracy to commit wire fraud. This summary does not describe all of the evidence that the United States would present at trial or all of the relevant conduct that would be used to determine **Cortes**'s sentence under the Sentencing Guidelines. **Cortes** acknowledges that the foregoing statement of facts does not describe all of **Cortes**'s conduct relating to the offense charged in this case.

    Respectfully submitted,

    G. Zachary Terwilliger
    United States Attorney

By: _____
    Ryan S. Faulconer
    Assistant United States Attorney

Defendant's Stipulation and Signature: After consulting with my attorneys and reviewing the above statement of facts, I stipulate that the above statement of facts is true and accurate. I further stipulate that had the matter proceeded to trial, the United States would have proven the same beyond a reasonable doubt.

_____
Alberto Cortes Gomez
Defendant

Defense Counsel Signatures: I am Alberto Cortes Gomez's attorney. I have carefully reviewed the above statement of facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Andrew M. Sacks
Counsel for the Defendant