IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:19-CR-189 |
| v. | ) | |
| | ) | The Honorable Anthony J. Trenga |
| ALBERTO CORTES GOMEZ, | ) | |
| | ) | Hearing Date: August 28, 2024 |
| Defendant. | ) | |

**UNITED STATES' POSITION ON DEFENDANT'S**
**SUPERVISED RELEASE VIOLATION**

The United States of America, through undersigned counsel and pursuant to 18 U.S.C. § 3583, Rule 32.1 of the Federal Rule of Criminal Procedure, and the U.S. Sentencing Commission Guidelines Manual (the "Guidelines" or "U.S.S.G."), submits this memorandum regarding the violation of supervised release by Alberto Cortes Gomez (the "Defendant"), as documented in the November 28, 2023 Petition on Supervised Release (the "Petition") and August 9, 2024 Addendum (the "Addendum") to Petition on Supervised Release, submitted by United States Probation Officer Eddie Lawrence. *See* ECF No. 32 and 41. According to the Petition and Addendum, the Defendant violated three conditions of his supervised release by (1) Failing to Notify the Probation Officer at Least 10 Days Prior to Change in Residence (Standard Condition 6), (2) Failing to Report to the Probation Officer (Standard Condition 2) and (3) Committing Another Federal, State or Local Crime (Mandatory Condition 1). *Id*.

For the reasons stated below, the United States respectfully requests that the Court find the Defendant in violation of the conditions of his supervised release, revoke supervision and impose eight (8) months of imprisonment with no additional supervised release term.

# I. BACKGROUND

## A. The Underlying Offense

On July 30, 2019, the Defendant pleaded guilty to Count 1 of a criminal information that charged him with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. *See* Plea Agreement, ECF No. 9. Thereafter, on January 31, 2020, the Court sentenced the Defendant to a term of imprisonment of eighty-seven (87) months, with credit for time served including time spent in state custody beginning on June 2, 2018, followed by a three (3) year term of supervised release. *See* Judgment, ECF No. 28. The Defendant was also ordered to pay $1,913,044 in restitution. *Id.* Defendant's term of supervised release began on October 12, 2022, in the Southern District of Florida. *See* Petition, ECF No. 32. The current term of supervised release is due to expire on October 12, 2025. *Id.*

## B. Alleged Violations

First, the Defendant was instructed to report to the U.S. Probation Office in the Southern District of Florida for an initial office appointment on October 30, 2023, at 10:00 a.m. *See* Petition ECF No. 22. Although the Defendant confirmed the appointment, he failed to report. *Id.* The Probation Officer then attempted to contact the defendant and left a voicemail and a text message with instructions for the Defendant to report on October 30, 2023. *Id.* After the Defendant failed to do so, the Probation Officer made unsuccessful attempts to contact him again on October 31, 2023, and November 1, 2023. *Id.* On November 1, 2023, the Probation Officer contacted the Defendant's employer and was informed that the Defendant failed to report to work for the entire week and had not been in communication with his employer. Further, the defendant's cell phone was disconnected or turned off. *Id.*

Second, on November 2, 2023, the Probation Officer attempted an unsuccessful home visit at the Defendant's residence in Miami, Florida, leaving a business card, a voicemail and text messages for the defendant to report for an office appointment and a drug test on November 3, 2023. *Id.* Also on November 2, 2023, the Probation Officer attempted to conduct a second home visit at the Defendant's residence and spoke with the Defendant's family member and grandfather, who advised that the Defendant had not resided at the residence since October 29, 2023. *Id.*

Since then, the Defendant's whereabouts were unknown until his arrest on April 2, 2024, in Bedford, Texas, for charges related with Unauthorized Use of a Motor Vehicle and Possession of Marijuana. *See* Addendum ECF No. 41. On June 26, 2024, the Defendant pleaded guilty to one count of Unauthorized Use of a Motor Vehicle, a Class A Misdemeanor. He was sentenced to ten (10) days of confinement. *Id.*

## II. <u>ANALYSIS</u>

### A. Legal Standard

"Supervised release revocation hearings are informal proceedings in which the rules of evidence . . . need not be strictly applied." *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012) (citing Fed. R. Evid. 1101(d)(3)). A court need only find by a preponderance of the evidence that the defendant violated a condition of release to support a revocation order. *See* 18 U.S.C. § 3583(e)(3); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992).

Upon a finding that a defendant violated a condition of supervised release, a court may: (1) revoke supervised release and impose a term of imprisonment equal to all or part of the supervised release term authorized by statute, without credit for time served (subject to a cap based on the nature of the underlying offense); (2) extend the term of supervised release if less than the maximum authorized term was ordered; or (3) modify, reduce, or enlarge the conditions of

3

supervised release. 18 U.S.C. § 3583(e). If a court revokes supervised release and imposes imprisonment, the court may also sentence the defendant to another term of supervised release, not to exceed the length of the term authorized for the original offense, less the term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h).

Before revoking or modifying a term of supervised release, courts are to consider the § 3553(a) sentencing factors—except for factors under § 3553(a)(2)(A), or the kinds of sentences available under § 3553(a)(3). *See* 18 U.S.C. § 3583(e). Thus, the factors a court considers include the history and characteristics of the defendant, the nature and circumstances of the offense, the need for the sentence to provide adequate deterrence to criminal conduct, to protect the public from the defendant's future criminal conduct, and to provide the defendant with correctional treatment, among other factors. *See* 18 U.S.C. § 3553(a)(2)(B)–(D), (a)(4)–(7).

### B. Statutory and Guidelines Analysis

*i. Maximum term of imprisonment upon revocation.*

If the Court determines by a preponderance of the evidence that the Defendant violated the terms of his supervised release, it may revoke the supervised release authorized for the underlying offense. 18 U.S.C. § 3583(e)(3). At the time of his sentencing in July 30, 2019, the Defendant's underlying offense Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 was categorized as a Class C felony carrying a maximum term of twenty years imprisonment. *See* 18 U.S.C. § 3559(a)(3) (defining a Class C felony as any offense for which the maximum penalty is imprisonment of 10 or more years but less than 25 years). Accordingly, if Defendant's supervised release is revoked, the Court may impose a maximum term of two years of imprisonment. 18 U.S.C. § 3583(e)(3) (capping term of imprisonment for violation of supervised release imposed for a Class C felony at two years).

*ii. Maximum additional term of supervised release after term of reimprisonment served.*

Upon revocation, the Court may impose an additional term of supervised release not to exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation. 18 U.S.C. § 3583(h). The maximum authorized term of supervised release for violation of 18 U.S.C. § 1349, which is a Class C felony, is three years. 18 U.S.C. § 3583(b). Therefore, the Court could impose a new supervised release term of up to three years, regardless of the length of any term of imprisonment imposed upon revocation.

*iii. Policy Statement calculation.*

The Sentencing Commission Guidelines (the "Guidelines") provide non-binding policy statements regarding the appropriate sanction for supervised release violations. U.S.S.G. § 7A1; *United States v. Davis*, 53 F.3d 638, 640 (4th Cir. 1995). Under the relevant policy statement, there are three grades of violations. Where there is more than one violation of the conditions of release alleged, the grade of the violation is determined by the violation having the most serious grade. U.S.S.G. § 7B1.1(b). In this case, the Defendant's violation constitutes a Grade C violation under the guidelines. A Grade C violation consists of "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." U.S.S.G. § 7B1.1(a)(3). The Guidelines provide a suggested range of terms of imprisonment upon revocation of supervised release in U.S.S.G. § 7B1.4. *See* U.S.S.G. § 7B1.3(b).

At the time of sentencing, this Court determined that the Defendant's past conduct fell under Criminal History Category II. *See* Sentencing Minutes, ECF No. 26. For a Grade C violation

and a Criminal History Category of II, the Guidelines suggest a term of imprisonment of 4-10 months. *See* U.S.S.G. § 7B1.4.

### III. RECOMMENDATION

The United States respectfully requests that this Court find the Defendant in violation of the terms of his supervised release, revoke supervision, and impose eight (8) months of imprisonment with no additional supervised release term. This recommendation is supported by the sentencing factors detailed in 18 U.S.C. §3553(a), including the nature and circumstances of the offense, the nature and characteristics of the Defendant, and the need for the sentence to provide adequate deterrence to criminal conduct. *See* 18 U.S.C. §3553(a)(1), (2)(A), (2)(B). The United States does not recommend any further period of supervision in this case due to the defendant's poor performance on supervision and inability to comply with the terms of his supervision, as evidenced by the nature of his continuous violations.

That said, a period of incarceration of eight (8) months, which is a sentence within the Guidelines recommendation, should be sufficient. Considering the fact that the Defendant has intentionally and deliberately absconded from supervised release for over nine months, a term of imprisonment of eight-months without any additional term of supervision would serve as an appropriate and necessary sanction that is no greater than necessary to remind the defendant of the consequences of his unlawful actions and hopefully deter him from future unlawful conduct.

Accordingly, the United States respectfully requests that the Court find the Defendant in violation of the terms of his supervised release, revoke supervision and impose eight (8) months of imprisonment with no additional supervised release term.

Dated: August 26, 2024

                                                                    Respectfully submitted,

                                                                    Jessica D. Aber
                                                                    United States Attorney

                                                                    _____/s/_____
                                                                    Margarita I. Pendarvis
                                                                    Special Assistant United States Attorney
                                                                    Tony R. Roberts
                                                                    Assistant United States Attorney
                                                                    United States Attorney's Office
                                                                    2100 Jamieson Avenue
                                                                    Alexandria, VA 22314
                                                                    Office:  (703) 299-3833
                                                                    Fax:     (703) 299-3980
                                                                  Email: margarita.pendarvis2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 26, 2024, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

I further certify that, on August 26, 2024, I emailed a copy of the foregoing memorandum to the Probation Officer assigned to this matter:

> Eddie Lawrence.
> U.S. Probation Officer
> Eastern District of Virginia
> Email: Eddie_Lawrence@vaep.uscourts.gov

/s/
_____
Margarita I. Pendarvis
Special Assistant United States Attorney